UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 20-20563-CIV-MORENO**

JACQUELINE D. HILL, individually,

      Plaintiff,

vs.

RESURGENT CAPITAL SERVICES, L.P., a
Delaware limited partnership,

      Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF JURISDICTION

THIS CAUSE came before the Court upon defendant Resurgent Capital Services L.P.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1) **(D.E. 5)**. THE COURT has considered the motion, the response in opposition, the reply, the notice of supplemental authority, and the pertinent portions of the record. Because the Court finds that the plaintiff, Jacqueline D. Hill, has suffered no harm, actual or imminent, as a result of a perceived violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, it is **ADJUDGED** that Resurgent's motion to dismiss is GRANTED, and the complaint is DISMISSED WITHOUT PREJUDICE for lack of Article III standing.

### I. BACKGROUND

On February 7, 2020, Hill, a consumer, filed suit alleging a single cause of action against Resurgent, a debt collector, for violation of the FDCPA. In her complaint, Hill alleges that Resurgent "engaged in false, deceptive, and misleading representations or means in connection with the collection of allegedly delinquent consumer debt, including, but no limited to, false

representations of the character, amount, or legal status of the debt." She explains that she accumulated this consumer debt more than twenty years ago, when she failed to make payments due on a JC Penney credit card. Around October 1998, after Hill was still unable to make payments, the owner of the account had the debt "charged off."[1]

The owner then sold the debt and, after a series of transactions, LVNV Funding, LLC purchased it. LVNV then conveyed a limited power of attorney to Resurgent to collect the debt on its behalf. Hill now alleges that Resurgent's collection efforts were illegal. Specifically, after she sought bankruptcy protection in February 2019, Resurgent filed a proof of claim alleging that she owed the sum of $1,150.04 "in principal only." Hill vigorously decries this representation, writing that pursuant to the Federal Rules of Bankruptcy Procedure, Resurgent had an obligation to itemize the principal, interest, fees, and expenses before seeking repayment.[2] By lumping the amounts together, Resurgent "deceptively, and with misleading intent, conveyed to the bankruptcy court that Plaintiff's JC Penney card debt contained no interest or charges other than principal."

Based on the above, Hill seeks a determination that Resurgent's actions are in flagrant disregard of 15 U.S.C. § 1692e(2)(A), which prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt." While taking no issue with the accuracy of the total amount owed, she accuses Resurgent of perjury, claiming that deceitful acts just like the one committed result in "*unsophisticated consumers* [being] forced to use their limited resources to

---

[1] "The act of charging off a debt refers to a mechanism whereby creditors determine that a debt is unlikely to be repaid by the borrower and, therefore, cannot be collected. As a result, the loan is written off and deemed a loss of principal and interest. However, the charged off debt is not forgiven. As in the instant case, the charged off debt may then be sold to a collection agency for further efforts toward satisfaction." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1188 n.5 (11th Cir. 2010).

[2] Bankruptcy Rule 3001, which governs the filing of proof of claims, states that "[i]f, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim." FED. R. BANKR. P. 3001(c)(2)(A).

object to unsupported claims—claims which in most cases, creditors, when challenged, fail to oppose the objections or even argue that they have valid claims." "Worse yet, if an unsophisticated consumer is unable to mount a challenge to the claim . . . the proof of claim is deemed allowed."

In response to the complaint, Resurgent filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  It makes various other arguments (including failure to state a claim), but its main one, for present purposes, is that Hill lacks standing to sue.  While the FDCPA may entitle a plaintiff to statutory damages, a plaintiff must still establish some injury to satisfy Article III standing.  Resurgent contends that Hill does not, as she "alleges no facts establishing she experienced any harm, or even the risk of such harm." In any event, Hill's bankruptcy proceeding—where the harm supposedly occurred—was dismissed on procedural grounds, buttressing the notion that any harm was "conjectural" and "theoretical" at best.  In short, Resurgent never even had the chance to recover the debt owed.

The Court now evaluates the pending motion to dismiss, response, and reply.

## II. ANALYSIS

### A. Standing

Under the Constitution, "[t]he judicial Power of the United States" extends only to "Cases" and "Controversies."  U.S. CONST. art. III, §§ 1-2.  "No principal is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976)).  Playing off this principal, "[o]ur cases have established that the 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  Those three elements are that "[t]he plaintiff must have (1)

3

suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.*

At the motion to dismiss stage, the plaintiff bears the burden of proving all three elements of standing.  "If the plaintiff fails to meet [his or her] burden, this court lacks the power to create jurisdiction by embellishing a deficient allegation of injury." *Elend v. Basham*, 471 F.3d 1199, 1206 (11th Cir. 2006) (quoting *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1230 (11th Cir. 2000)).  When ruling on standing at the motion to dismiss stage, a court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

The instant case deals with the first element of standing: injury in fact.  To establish an injury in fact, the Supreme Court has determined that a plaintiff must show "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). Specifically, a "concrete" injury must be "'*de facto*," meaning that "it must actually exist." *Id.* (citation and internal quotation marks omitted).  As for the injury being "particularized," it "must affect the plaintiff in a personal and individual way." *Id.* (citation and internal quotation marks omitted).  Adherence to these requirements is sacrosanct.  Even where Congress seeks to punish certain behavior by statute, an injury in fact must still be shown.  "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Id.* at 1547-48 (quoting *Raines*, 521 U.S. at 820 n.3).

### B. Discussion

Analyzing the principles above, the Court concludes that Hill fails to carry her burden of establishing standing to sue.  While she claims to have suffered an alleged violation of a protected

interest—the right to be free of any "false representation of . . . the character, amount, or legal status of any debt"—a review of the pleadings demonstrates that, even were this the case (and it is not clear that it is), she did not suffer an injury in fact.[3]  15 U.S.C. § 1692e(2)(A).  She fails to satisfy both the concreteness and particularized prongs of that first element of standing.

First, Hill fails the concreteness prong because she alleges no harm, real or immediate, by the apparent misrepresentation that she owed $1,150.04 "in principal only."  She does not contend anywhere in her complaint that she was defrauded into paying this amount, nor that she spent time and money contesting it or preparing to contest it.[4]  Not only does Hill fail to allege a tangible injury, she does not even posit that she suffered an abstract or intangible one.[5]

Without a showing of concrete injury, Hill's claim for a mere technical violation of the FDCPA is inchoate.  *See Spokeo*, 136 S. Ct. at 1549 ("[S]tanding requires a concrete injury even in the context of a statutory violation.  For that reason, [a plaintiff may not] allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."); *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("It must be alleged that the plaintiff has

---

[3] Because the Court finds that Hill does not allege an injury in fact, the Court need not analyze the rest of the elements of standing, including causation and redressability.  *See Daniels v. Aldridge Pite Haan, LLP*, No. 5:20-cv-00089-TES, 2020 WL 3866649, at *4 n.3 (M.D. Ga. July 8, 2020).  Furthermore, because the Court concludes that Hill has no standing to sue based on this failure to allege an injury in fact, the Court need not determine the merits of whether she has sufficiently stated a cause of action.  *See DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008).

[4] Buttressing the Court's tangible, concreteness analysis is the text of the FDCPA itself.  The statute imposes civil liability for "any actual damage sustained by such person as a result of" an FDCPA violation and "such additional damages as the court may allow."  15 U.S.C. § 1692k(a).

[5] Buttressing the Court's intangible, concreteness analysis is the history and judgment of Congress.  *See Trichell*, 2020 WL 3634917, at *3 ("To determine whether an intangible injury is sufficiently concrete, we must look both to the history and the judgment of Congress.").  Historically, common law courts have only awarded damages arising from fraud/misrepresentation upon "a showing of justifiable reliance and actual damages."  *Id.* at *4.  As for the judgment of Congress, the "declaration of purpose" of the FDCPA is to prohibit "[a]busive debt collection practices [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy"—threats of injuries that are a far cry from the ones Hill claims to have suffered in her complaint.  15 U.S.C. § 1692(a).

sustained or is immediately in danger of sustaining some direct injury as a result of the challenged statute or official conduct. The injury or threat of injury must be both real and immediate, not conjectural or hypothetical." (citations and internal quotation marks omitted)).

Second, Hill fails to plead a particularized injury. Instead of claiming that *she* was at risk of having to contest the allegedly false proof of claim, she writes only that "*unsophisticated consumers*," if placed in her position, would have been forced to "use their limited resources to object to unsupported claims." Without alleging personal injury, her claim fails on its face. *See Lujan*, 504 U.S. at 560 n.1 ("By particularized, we mean that the injury must affect the plaintiff in a personal and individual way."); *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1251 (11th Cir. 2015) ("[W]here a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a concrete, particularized, and personal injury to that person as a result of the violation of the newly created rights.").

The instant case is like *Trichell v. Midland Credit Management, Inc.*, No. 18-14144, 2020 WL 3634917 (11th Cir. July 6, 2020). There, in an opinion authored by Judge Katsas, the Eleventh Circuit Court of Appeals vacated and remanded two cases arising under the FDCPA for lack of standing. *Id.* at *9. The plaintiffs filed suit after receiving allegedly misleading collection letters that gave the false impression that the debts they had owed were still legally enforceable. *Id.* at *1-2. Still, the court concluded no injury in fact had been suffered as first, the plaintiffs made no allegations that they "made any payments in response to the defendants' letters—or even that [they] wasted time or money in determining whether to do so" (failing the concreteness prong), and second, no allegations that the collection letters "substantially increased the risk" of harm to the plaintiffs (failing the particularized prong). *Id.* at *3, *6 (citation and internal quotation marks omitted). Instead, the plaintiffs only alleged harm to "unsophisticated consumer[s]." *Id.* at *6. In

6

any event, the court concluded that any risk of harm would have dissipated by the time of filing suit, as "courts must assess Article III standing as of when a complaint is filed." *Id.* at *7.

Like the plaintiffs in *Trichell*, Hill fails to allege a concrete and particularized injury. And just like the Eleventh Circuit found in *Trichell*, any risk of harm would nevertheless have dissipated by the time of filing suit, as the underlying bankruptcy proceeding, where the alleged violation occurred, was dismissed before she filed suit. *See also Cooper v. Atl. Credit & Fin., Inc.*, No. 19-12177, 2020 WL 4332410, at *3 (11th Cir. July 28, 2020) (per curiam) (relying on *Trichell* and finding that the plaintiff lacked standing to bring an FDCPA claim for being "confused about her statutory rights to dispute the debt and seek validation, as well as whether she had the full 30 days to dispute the debt and demand validation" because "these allegations, absent something more, are insufficient to establish that [the plaintiff] had standing"); *Daniels v. Aldridge Pite Haan, LLP*, No. 5:20-cv-00089-TES, 2020 WL 3866649, at *4 (M.D. Ga. July 8, 2020) (similarly relying on *Trichell* and dismissing an FDCPA claim due to lack of standing because, "even accepting [the plaintiff's] allegations that Defendant misrepresented the service date on the certificate as true when it wasn't, such a minor and technical infraction of the FDCPA is simply not sufficient to convey standing before the Court because she really didn't suffer any harm by it.").

### III. CONCLUSION

In sum, Hill attempts to bring a claim for a plausible, technical violation of the FDCPA. But mere violation, without a showing of a concrete and particularized injury, is insufficient to convey standing. Because the Eleventh Circuit does not recognize an "anything-hurts-so-long-as-Congress-says-it-hurts theory of Article III injury," Hill's complaint is DISMISSED WITHOUT PREJUDICE for lack of standing. *Trichell*, 2020 WL 3634917, at *5 n.2 (quoting *Hagy v. Demers & Adams*, 882 F.3d 616, 622 (6th Cir. 2018)). Ultimately, "the FDCPA is a shield to protect

debtors from unethical and illegal debt collectors; it is not a sword to be wielded to force defendants to pay plaintiffs who have not suffered." *Daniels*, 2020 WL 3866649, at *4.

DONE AND ORDERED in Chambers at Miami, Florida, this 31st day of July 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record